# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>SHAMROCK-HOSTMARK PRINCETON HOTEL, LLC,<br><br>          Debtor. | Chapter 11<br>Case No. 12-25860<br>Hon. Jacqueline P. Cox<br>**Related Docket No. 134** |
| In re:<br><br>SHAMROCK-HOSTMARK TEXAS HOTELS, L.P.,<br><br>          Debtor. | Chapter 11<br>Case No. 12-25874<br>Hon. Jacqueline P. Cox<br>**Related Docket No. 166** |
| In re:<br><br>SHAMROCK-HOSTMARK ANDOVER HOTELS, LLC,<br><br>          Debtor. | Chapter 11<br>Case No. 12-25883<br>Hon. Jacqueline P. Cox<br>**Related Docket No. 138** |
| In re:<br><br>SHAMROCK-HOSTMARK TAMPA WESTSHORES HOTEL, LLC,<br><br>         Debtor. | Chapter 11<br>Case No. 12-25885<br>Hon. Jacqueline P. Cox<br>**Related Docket No. 142** |

**GENERAL ELECTRIC CAPITAL CORPORATION'S PRELIMINARY OBJECTION
TO DEBTOR'S MOTION TO APPROVE DISCLOSURE STATEMENT**

General Electric Capital Corporation ("GECC"), as senior secured lender, respectfully submits this preliminary objection to the above-captioned Debtors' *Motion to Approve Disclosure Statement* [Docket No. 134][1] (the "Disclosure Statement Motion"), which is set for

---

[1] This Objection has been filed in each of the above Debtor's bankruptcy case and references to the "Debtors" apply to all Debtors. For ease of reference, docket entries used herein refer to the docket of In re Shamrock-Hostmark Princeton Hotel, LLC, Case No. 12-25860, unless indicated otherwise.

CH\1457856.3

presentment on April 17, 2013 at 10:30 a.m.[2]  GECC understands that the Disclosure Statement Motion is, at this time, requesting only the scheduling of a hearing on the Disclosure Statement and the deadline to file objections thereto; accordingly, this objection speaks only to scheduling and procedural issues.  In support of this Objection, GECC states as follows:

**Background**

1.      Numerous pleadings are scheduled to be considered by the Court on April 17, 2013. On Wednesday, April 3, 2013, the Debtors filed motions to value GECC's secured claim.[3] On Monday, April 8, 2013, GECC filed motions to lift the automatic stay and responded to the Valuation Motion.[4]  On Tuesday, April 9, 2013, GECC filed motions to void a $200,000 payment and retainer agreement (the "$200,000 Retainer/Guarantee") with the Debtors' counsel, Perkins Coie LLP ("Perkins") (the "Retainer Motion").[5]  On April 12, 2013, GECC filed a motion to appoint a Chapter 11 Trustee (the "Trustee Motion"), and also filed objections to the Debtors' request to continue use of GECC's cash collateral beyond May 2013.[6]  Also on April

---

[2]     The Disclosure Statement Motion was scheduled by the Debtors for presentment at 9:30 a.m. on April 17, 2013, but has been postponed by the Court to 10:30 a.m. in order to be heard with other motions pending in the Debtors' cases.

[3]     See Debtor's Motion to Determine Value of GECC's Claim filed April 3, 2013 [Docket No. 122] (the "Valuation Motion").

[4]     See GECC's Motion to Lift the Automatic Stay filed April 8, 2013 [Docket No. 124] (the "Stay Motion"); GECC's Response to Valuation Motion filed April 8, 2013 [Docket No. 123] (the "Valuation Response").

[5]     See GECC's Motion to Void Retainer Agreement filed April 9, 2013 [Docket No. 127].

[6]     See GECC's Motion to Appoint Trustee filed April 12, 2013 [Docket No. 133]; GECC's Objection to Continued Use of Cash Collateral filed April 12, 2013 [Docket No. 132] (the "Cash Collateral Objection"); Debtor's Motion for Use of Cash Collateral filed October 15, 2012 [Docket No. 84] (request continued through July 2013) (the "Cash Collateral Motion").

12, subsequent to the filing of the Trustee Motion, the Debtors filed a proposed plan of reorganization, disclosure statement, and the Disclosure Statement Motion.[7]

## Objection

2.   GECC submits that no matters should be set for substantive consideration of the Disclosure Statement and Plan until the Court considers GECC's Trustee Motion and Retainer Motion. The Plan and Disclosure Statement exemplify, as baldly as any manifestations of the conflicts identified in the Trustee Motion could do, the need for the immediate appointment of an independent third party to take control of the Debtors.

3.   The Plan contains several controversial provisions that would directly benefit the Debtors' insiders, including Shamrock-Hostmark Hotel Fund, L.P. (the "Fund") and the Debtors' management company ("Hostmark Management"). There are provisions in the proposed Plan that cannot possibly be justified, evaluated, or advanced in a credible way without independent oversight, the starkest of which include:

- The Fund's new investment in the Venture (as defined in the Plan), which would acquire the Debtors' assets.[8]

- Broad releases of the Debtors' insiders, including the Fund, Hostmark Management, the Cataldos, Perkins, and other third parties.[9]

- The possible preservation of Hostmark Management's position as manager of the Debtors' hotels.[10]

---

[7]   See Debtors' Joint Chapter 11 Plan of Reorganization filed April 12, 2013 [Docket No. 137] (the "Plan"); Debtors' Disclosure Statement in Support of the Plan filed April 12, 2013 [Docket No. 136] (the "Disclosure Statement").

[8]   See Disclosure Statement § V.E.

[9]   See Plan at §§ 1.01 (definitions of "Exculpated Persons" and "Releasees), 11.03-11.04.

[10]   See Disclosure Statement § V.E.

- The release of the Fund as a guarantor of GECC's debt.[11]

4. The Trustee Motion and Retainer Motion present immediate issues regarding the conflicts of the Debtors' management and the disinterestedness of their counsel. The $200,000 Retainer/Guarantee was a clear manifestation—and the proposed Plan is another demonstration—of the conflicts which further establish the need for independent oversight in these cases.

5. As described in the Retainer Motion and Trustee Motion, the Debtors suffer from severe conflicts of interest that render them unable to uphold their fiduciary obligations to propose a Plan that is in the best interest of their estates and creditors or to independently review third-party offers to acquire or invest in the Debtors. A Chapter 11 trustee is necessary at this juncture to independently review the Plan, Disclosure Statement, and any alternative transactions or plans that could maximize the value of the Debtors' estates. The Debtors' fiduciary duty to the estates includes "the duty of loyalty and an obligation to avoid any direct actual conflict of interest."[12] If the Debtors' management suffers from a conflict of interest, such conflict "precludes the Debtors from proposing a plan good faith under 1129(a)(3)."[13]

6. Any consideration of the Plan or Disclosure Statement should be suspended until the Court decides the Retainer Motion and Trustee Motion. The appointment of a Chapter 11 trustee and/or a determination that Debtors' counsel is no longer disinterested will significantly affect the next stages of these cases. While it is not out of the question that a trustee may decide to proceed with some version of the proposed Plan, he or she is very unlikely to do so without an independent evaluation of the facts and circumstances that led to the $200,000

---

[11] See Plan §§ 4.05—4.08.

[12] In re Coram Healthcare Corp., 271 B.R. 228, 239 (Bankr. D. Del. 2001).

[13] Id.

Retainer/Guarantee, the proposed Plan, and the other alternatives available to the Debtors. It would be a tremendous waste of time, money and judicial resources to litigate issues (including valuation (which will be contested), interest rates and other repayment terms, absolute priority rule issues, and third party releases) attendant to this or any proposed Plan and Disclosure Statement prior to the central decisions by this Court of whether to appoint a Chapter 11 trustee.

## Conclusion

WHEREFORE GECC respectfully requests that this Court enter an order (a) denying the Disclosure Statement Motion as requested herein and (b) granting such other and further relief as this Court deems appropriate.

Dated:  April 15, 2013                                  Respectfully Submitted,
        Chicago, Illinois

                        /s/  Douglas Bacon
                      Douglas Bacon
                      Sarah E. Barr
                      LATHAM & WATKINS LLP
                      233 South Wacker Drive, Suite 5800
                      Chicago, Illinois 60606
                      Telephone:  (312) 876-7700
                      Facsimile:  (312) 993-9767

*Counsel for General Electric Capital Corporation*

CH\1457856.3